<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

CLIFTON MCCLOUD,

    *Plaintiff,*

       v.

DIANA GIL, et al.,

    *Defendants.*

Civil Action No. 24-6960

**OPINION**

June 25, 2025

---

**SEMPER**, District Judge.

The current matter comes before the Court on New Jersey State Parole Officers Diana Gil, Brian Guzman, and Edwin Rodriguez's (collectively, "Defendants") motion to dismiss Plaintiff Clifton McCloud's Amended Complaint (ECF 4, "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 10, "Def. Mot.")  Plaintiff filed a response brief opposing Defendants' motion. (ECF 11, "Pl. Br.")  The Court reviewed all submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motion to dismiss is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** without prejudice.

I.      <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>[1]

This action stems from an incident involving *pro se* Plaintiff and law enforcement on March 14, 2024. (Compl. at 4.) Around 2:00 p.m., Defendants Diana Gil, Brian Guzman, and

---

[1] The Court draws the facts and procedural background from the Complaint, and the allegations within must be accepted as true solely for purposes of this motion, except where conclusory and/or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S.

Edwin Rodriguez, all New Jersey State Parole Officers, along with "two unknown Hackensack police officer[s]," arrived at Plaintiff's home at 180 Stanley Place, Hackensack, New Jersey 07601. (*Id.* at 4-5.) Defendants had a warrant for Plaintiff's arrest. (*Id.* at 5.) Plaintiff objected to his arrest and the validity of the warrant. (*Id.*) He informed Defendant Gil of his "civil rights" and that Defendant Gil did not have "authorization to arrest" him. (*Id.*) After Plaintiff objected, Defendants, along with one unidentified Hackensack police officer, forcibly entered Plaintiff's home without Plaintiff's consent and placed him under arrest. (*Id.*)  A houseguest of Plaintiff, James Irby, observed the arrest. (*Id.*)  Plaintiff alleges that Defendants "trespassed on [his] property" to effectuate his arrest. (*Id.*)

During the arrest, one of the Defendants "twisted" Plaintiff's arm, injuring his left shoulder. (*Id.* at 6.) For this injury, Plaintiff sought care from a primary care doctor, who ordered an x-ray, as well as an orthopedic doctor, who recommended that Plaintiff enroll in physical therapy treatment. (*Id.*) At the time he filed his Amended Complaint, Plaintiff was enrolled in physical therapy. (*Id.*) Plaintiff now asserts that the warrant for his arrest was "obtain[ed] with [false] information" and is seeking $2.5 million dollars as relief for his "medical bills, pain [and] suffering, and lost wages." (*Id.*)

Plaintiff filed this suit in federal court on June 11, 2024.  (ECF 1.)  One month later, on July 11, 2024, Plaintiff amended the complaint.[2] (ECF 4.)  In his Amended Complaint, Plaintiff

---

544, 555 (2007). For purposes of deciding the motion, the Court affords *pro se* Plaintiff the benefit of any doubts and construes the allegations set forth in the Complaint liberally.  *See Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

[2] The Amended Complaint added the names of Defendants Brian Guzman and Edwin Rodriguez, who Plaintiff had not identified in the initial complaint. (*See* ECF 4, ECF 1.) The Amended Complaint also removed as defendants the two unidentified Hackensack, New Jersey police officers, who Plaintiff had included in the initial complaint. (*See id.*)

2

alleges that Defendants violated his constitutional rights by conducting an unlawful arrest, presumably in violation of 42 U.S.C. § 1983 ("Section 1983").[3] (*See* Compl.) On August 29, 2024, after Defendants failed to answer the Amended Complaint by the deadline imposed by the Clerk of Court, Plaintiff requested an Entry of Default, and the Clerk entered the Defendants in default on August 30, 2024. (ECF 7.)  On September 20, 2024, at Defendants' request and with Plaintiff's consent, this Court vacated the Entry of Default and extended the deadline for Defendants to answer, move, or otherwise respond to the Amended Complaint. (ECF 9.) Defendants timely filed the instant motion to dismiss on September 30, 2024. (*See* Def. Mot.) Plaintiff filed a brief opposing Defendants' motion on October 11, 2024. (*See* Pl. Br.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal

---

[3] Though Plaintiff did not identify in his Amended Complaint the statute under which he seeks relief, 42 U.S.C. § 1983 provides a private cause of action against state officials acting under color of law for deprivations of constitutional rights. Consistent with the Court's liberal construction of pleadings filed by *pro se* litigants, the Court resolves the doubt in favor of Plaintiff and presumes the allegations of the Amended Complaint allege a violation of Section 1983. *See Alexander*, 144 F. App'x at 926.

quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise

a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  The court, however, is "not

compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions

disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  It is

well established that a *pro se* complaint, "however inartfully pleaded[,] must be held to less

stringent standards than formal pleadings drafted by lawyers."  *Montgomery v. Pinchak*, 294 F.3d

492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted); *see also Haines v. Kerner*,

404 U.S. 519, 520 (1972).  The Court is obligated to construe *pro se* claims liberally and afford

*pro se* plaintiffs the benefit of every doubt.  *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d

Cir. 2005).  If, after viewing the allegations in the complaint most favorably to the plaintiff, it

appears that no relief could be granted under any set of facts consistent with the allegations, a court

may dismiss the complaint for failure to state a claim.  *DeFazio v. Leading Edge Recovery Sols.*,

No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

## III.   LEGAL ANALYSIS

### A.  Improper Group Pleading

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The

Third Circuit requires district courts to assess whether a pleading meets the plain statement

requirements of Rule 8 by asking "whether, liberally construed, a pleading 'identifies discrete

defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*

*v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). Mere "conclusory allegations against defendants as a group" are not sufficient to survive a motion to dismiss, but rather a complaint must "establish each individual [d]efendant's liability for the misconduct alleged." *Galicki v. New Jersey*, No. 14-269, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). "Courts in this district have dismissed complaints when the [complaints] contain improper 'group pleading.' This type of pleading fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.'" *Baldeo v. City of Paterson*, No. 18-5359, 2019 WL 277600, at *4 (D.N.J. Jan. 18, 2019) (quoting *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (holding that pleading which "lumps Defendants together as a group and asserts general common factual allegations against all of them" is impermissible in the District of New Jersey as it does not allow the court to ascertain the role of each defendant in the claim).

Plaintiff argues that he "will be able to describe what each of the officer[s] did" once he has an opportunity to see each officer at an in-person court proceeding. (Pl. Br. at 2.) However, when reviewing the sufficiency of a pleading, the Court does not consider what a plaintiff may or may not testify to at a hypothetical hearing. *See In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."). Rather, the Court must consider what is alleged in the complaint itself and whether it specifies "*which* [d]efendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original).

Plaintiff's Amended Complaint fails to identify the officers' specific roles in effectuating his arrest. The Amended Complaint asserts that one of the Defendant parole officers twisted and

5

injured Plaintiff's shoulder, but it does not identify which Defendant did so. (Compl. at 6.) Rather than allege acts or omissions of each individual defendant, Plaintiff asserts that Defendants collectively "trespassed on [his] property," "forced themselves into [his] home," and arrested him. (*Id*. at 5.) Plaintiff also fails to allege which Defendant, if any, played a role in obtaining a falsified warrant for his arrest. Without such specificity, the Court is unable to reasonably infer that any of the officer Defendants engaged in unlawful conduct or violated Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 678. The vagueness of the Amended Complaint impermissibly compels Defendants and the Court "to guess as to who allegedly did what[.]" *Yu-Chin Chang v. Upright Fin. Corp.*, No. 19-18414, 2020 WL 473649, at *3 (D.N.J. Jan. 28, 2020). Thus the Amended Complaint does not meet the plain statement requirement of Rule 8. *See* Fed. R. Civ. P. 8(a)(2).

Courts in this district routinely dismiss complaints for improper group pleading. *See e.g.*, *ATR Paper Inc. v. Bangkit (U.S.A.), Inc.*, No. 23-12696, 2024 WL 3518119, at *4 (D.N.J. July 24, 2024). Because Plaintiff's Amended Complaint relies on impermissible group pleading and thus fails to sufficiently place Defendants on notice of the claims against them as required by Rule 8, it cannot survive the instant motion to dismiss. Accordingly, Defendants' motion to dismiss is **GRANTED** and the Amended Complaint is **DISMISSED** without prejudice.

### B. 12(b)6 Failure to State a Claim

The Court need not address Defendants' remaining arguments regarding Plaintiff's additional pleading deficiencies. *See Reddick v. Hicks*, No. 22-6926, 2023 WL 4579884, at *4 (D.N.J. July 18, 2023) ("[T]he Court dismisses without prejudice the remainder of the Complaint in its entirety for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.").

6

**IV.    CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss (ECF 10) is **GRANTED**.

Plaintiff's Amended Complaint (ECF 4) is **DISMISSED** without prejudice. An appropriate order

follows. Plaintiff may file an amended pleading that is consistent with this Opinion within thirty

(30) days of the date of the Opinion and accompanying Order.


*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**


Orig:    Clerk
cc:      José R. Almonte, U.S.M.J.
         Parties